RECEIVED
JAN - 7 2011
TONY R. MOORE, CLERK
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TOM PHILLIPS, individually and on behalf of his deceased wife, TRACY PHILLIPS, AND THEIR MINOR CHILD, ▮ | 5:10-cv-00029 |
| VERSUS | JUDGE DONALD E. WALTER |
| GLAXOSMITHKLINE, WATSON PHARMACEUTICALS, INC. AND OMEGA DIAGNOSTICS, LLC | MAGISTRATE JUDGE HORNSBY |

## JUDGMENT

Before the Court is a Motion for Summary Judgment [Doc. #38] filed on behalf of Defendant, Watson Pharmaceuitcals, Inc. ("Watson"), pursuant to Federal Rule of Procedure 56.

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). The burden of proof in a summary judgment proceeding is on the party moving for summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 330, 106 S.Ct. 2548, 2556 (1986). If the motion is properly made, the non-movant "must set forth facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511 (1986). Additionally, Local Rule 56.1 requires the moving party to file a statement of material facts as to which it contends there is no genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

In the present matter, Plaintiff, Tom Phillips ("Phillips"), has not filed an opposition to Watson's Motion for Summary Judgment. On November 23, 2010, this Court issued a "Notice of Motion Setting" [Doc. #39] giving Phillips twenty-one (21) calendar days from November 23, 2010, to file an opposition to Watson's Motion for Summary Judgment. The Notice of Motion Setting specifically noted that "opposition to the motion must be timely filed or the motion will be considered unopposed." (Emphasis omitted). Per Local Rule 56.2, since Phillips has not opposed the motion for summary judgment, Watson's statement of material facts is deemed admitted.

Phillips's claims arise under the Louisiana Products Liability Act ("LPLA"). "To maintain a successful products liability action under the LPLA, a plaintiff must establish four elements: (1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product 'unreasonably dangerous'; and (4) that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else." LSA-R.S. 9:2800.54(A); *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 260-61 (5th Cir. 2002). Under the LPLA a product is unreasonably dangerous "if and only if" it is: (1) unreasonably dangerous in construction or composition; (2) unreasonably dangerous in design; (3) unreasonably dangerous because an adequate warning about the product has not been provided; or (4) unreasonably dangerous because it does not conform to an express warranty of the manufacturer. R.S. 9:2800.54(B). "The mere fact that an accident occurred is not sufficient to establish that a product is defective or unreasonably dangerous." *Guidry v. Aventis Pharmaceuticals, Inc.*, 418 F.Supp.2d 835, 841 (M.D.La. 2006).

In his complaint Phillips asserts LPLA claims based on design defects and a failure to warn.[1] A plaintiff raising a dangerous design claim must prove that "at the time the product left the manufacturer's control: (1) there existed an alternative design for the product that was capable of preventing the plaintiff's damage, and (2) the likelihood that the product's design would cause the plaintiff's damage and the gravity of that damage outweighed the burden on the manufacturer of adopting the alternative design and the adverse effect if any of the alternative design on the utility of the product." *Id.* at 840; LSA-R.S. 9:2800.56. To prove a unreasonable danger based on an inadequate warning in the learned intermediary context of drugs or medical devices dispensed by a physician, a plaintiff must show "that the defendant failed to warn or inadequately warned the physician of a risk associated with the product that was not otherwise known to the physician. Second, the plaintiff must show that this failure to warn the physician was both a cause in fact and the proximate cause of the plaintiff's injury." *Id.* at 840-41.

To defeat the motion for summary judgment Phillips must present evidence to support each element required to make a defective design or inadequate warning claim under the LPLA. Absent such proof, no genuine dispute as to those material facts would exist. Phillips has not filed an opposition to the motion for summary judgment and has offered no evidence to support his claims. The record is bereft of a whit of proof to suggest Phillips can meet the evidentiary burdens required to make a claim under the LPLA. Therefore, no genuine dispute of material fact exists, and Watson is entitled to judgment as a matter of law.

---

[1] Phillips contends that the product was defective due to inadequate testing. The claim, then, arises as a design defect rather than a danger due to construction and composition, which concern material deviations from the manufacturer's specifications or performance. LSA-R.S. 9:2800.55.

Therefore, **IT IS ORDERED** that Watson's Motion for Summary Judgment [Doc. #38] be and is hereby **GRANTED**. Phillips's claims are hereby **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 7 day of January, 2011.

*/s/ Donald E. Walter*
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE